Parris *v.* The State.

Judgment reversed.

*Wright & Knapp*, for plaintiff in error.

*S. W. Summers* and *H. D. Ives*. for defendant.

———•••———

## PARRIS *v.* THE STATE.

Under the statute of 1849, it is erroneous for a district judge to charge a jury, or to modify instructions orally.

Legal instructions may be refused, and given in a modified form in writing, as the circumstances and evidence of the case may require.

*Error to Davis District Court.*

*Opinion by* GREENE, J.   Indictment for suffering gaming. Trial before a jury, a verdict of guilty, and a fine assessed of fifty dollars. The indictment was found under the eighth section of an act to prevent and punish gaming. *Rev. Stat.* 275. This section provides that if any keeper of a tavern, grocery or other house of public resort, shall suffer any game prohibited by the act, to be played at or within such tavern, grocery, &c., or in any outhouse appendant thereto, such keeper shall on conviction, forfeit and pay a sum not less than fifty nor more than two hundred dollars, &c. The act prohibits all games whatsoever, except games of athletic exercise.

Upon the trial, defendant's counsel asked the court to give certain instructions. Among the instructions, the following were asked and refused: 1. The state must prove the game played, to be the game charged in the indictment. 2. That the state must prove to the satisfaction of

56

the jury, that some game was played by the persons mentioned in the indictment.　3. That in order to convict, they must be satisfied that the game played was not a game of athletic exercise, and upon this they must be satisfied from the testimony of witnesses and not from any thing they may know of themselves.　At the conclusion of these and five other instructions asked by defendant, the following note appears over the signature of the judge: "Refused and others given instead."

But the substituted instructions are not made a part of the record, nor are we informed, except by an unauthorized remark of the clerk, whether they were given orally or in writing.　If in writing, they should have been connected with the instructions asked and made a part of the record, under the signature of the court.　If orally given, it was in direct conflict with the laws of 1839, p. 135, § 2, which provides, that when instructions are asked by either party, the court shall in no case "orally qualify, modify, or in any manner explain the same to the jury."　Under this section, instructions asked, cannot be orally modified or explained, but they may no doubt, be explained in writing by connecting such written explanations with the instructions asked, and making all a part of the record.　This is wholly neglected in the present case, and we are only informed by the judge, that other instructions were given, without any intimation of their character.

It was erroneous to refuse unqualifiedly the three instructions above quoted, still they might with propriety have been refused and given in a modified form in writing, as the peculiar circumstances and evidence of the case might require; but as the record shows an absolute refusal and no written explanation, the judgment must be reversed and a trial *de novo* awarded.

Judgment reversed.

*Wright & Knapp, H. D. Palmer* and *A. Hall,* for plaintiff in error.

*S. S. Carpenter,* for the state.